UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORI REYNOLDS, Individually and as Administratrix
of the ESTATE OF ANGELA P. PENG

                Plaintiff,          Civil Action No. 5:22-cv-01165
                                          (BKS-TWD)

    v.                                        ANSWER TO AMENDED
                                                COMPLAINT WITH CROSS
                                                CLAIMS

ONONDAGA COUNTY, et al.,

                Defendants.
_____

       ONONDAGA COUNTY, EUGENE CONWAY and ESTEBAN GONZALEZ (defendants), as an answer to the amended complaint (complaint) of plaintiff Lori Reynolds (plaintiff), state on information and belief:

       1. Defendants admit so much of the paragraph numbered 1 of the complaint that alleges Angela Peng was an inmate at the Onondaga County Justice Center at times relevant to this action, but deny the remainder of paragraph 1 and all other allegations contained in it.

       2. Defendants admit so much of the paragraph numbered 4 of the complaint that alleges Angela Peng was transported to Upstate University Hospital on September 2, 2021, but deny the remainder of paragraph 4 and all other allegations contained in it.

       3. Defendants admit so much of the paragraph numbered 5 of the complaint that alleges Angela Peng passed away on September 6, 2021, but deny the remainder of paragraph 5 and all other allegations contained in it.

4. Defendants admit the allegations contained in paragraph 12 of the complaint that Onondaga County is a municipal entity within the State of New York with offices located at 421 Montgomery Street in Syracuse, New York.

5. Defendants admit so much of the paragraph numbered 15 of the complaint that alleges Onondaga County and Proactive Health Care Medicine, PLLC entered into a contract for certain services, but deny the remainder of paragraph 15 and all other allegations contained in it.

6. Defendants admit so much of the paragraph numbered 16 of the complaint that alleges Onondaga County and Proactive Health Care Medicine, PLLC entered into a contract for certain services, but deny the remainder of paragraph 16 and all other allegations contained in it.

7. Defendants admit so much of the paragraph numbered 17 of the complaint that alleges Eugene Conway was the Onondaga County Sheriff at times relevant to this action, but deny the remainder of paragraph 17 and all other allegations contained in it.

8. Defendants admit so much of the paragraph numbered 18 of the complaint that alleges Esteban Gonzalez was employed by the Onondaga County Sheriff's Office at times relevant to this action, but deny the remainder of paragraph 18 and all other allegations contained in it.

9. Defendants admit so much of the paragraph numbered 37 of the complaint that alleges Angela Peng was transported to Upstate University Hospital on September 2, 2021, but deny the remainder of paragraph 37 and all other allegations contained in it.

10. Defendants admit so much of the paragraphs numbered 38, 88 and 107 of the complaint that alleges Angela Peng was transported to Upstate University Hospital on September 2, 2021, but deny the remainder of paragraphs 38, 88 and 107 and all other allegations contained in them.

11. Defendants admit the portions of paragraph 71 of the complaint identified as a, b, c, d, e, g, h and r.  Defendants lack knowledge or information sufficient to form a belief as to the truth

of allegations contained in the portions of that paragraph identified as f, i, j, k, l, m, n, o, p, q, s and t.

12. The paragraphs of the complaint numbered 50, 51, 52, 53, 54 and 55 state a conclusion of law. To the extent that a response to these paragraphs is required, the statements contained in them are denied.

13. Defendants deny the allegations contained in the paragraphs of the complaint numbered 2, 3, 19, 20, 22, 23, 26, 31, 34, 35, 36, 39, 40, 41, 42, 45, 48, 56, 57, 58, 59, 60, 62, 63, 64, 65, 73, 74, 76, 77, 78, 79, 82, 85, 86, 87, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118 and 119.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in the paragraphs of the complaint numbered 6, 7, 8, 9, 10, 11, 21, 24, 25, 27, 29, 30, 32, 33, 43, 44, 46, 47, 49, 61, 69, 75, 80, 81, 83 and 84.

15. Defendants admit the allegations contained in the paragraphs of the complaint numbered 13, 14, 28, 66, 67, 68, 70, 72 and 81.

16. Defendants deny any and all allegations contained in the complaint not otherwise addressed herein.

## FIRST DEFENSE

17. Any act or omission of defendants was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

18. Defendants have immunity from a claim of plaintiff's damages arising out of defendants' reasonable, in good faith, and discretionary acts or omissions in the performance of a governmental function.

19. Plaintiff's action may not be prosecuted or maintained against defendants as a result of this immunity.

## SECOND DEFENSE

20. Defendant Onondaga County Sheriff's Office (OCSO) does not have a legal identity different from defendant Onondaga County.

21. OCSO does not have legal capacity to sue or be sued.

22. Plaintiff's claims against OCSO are duplicative of plaintiff's claims against defendant Onondaga County.

23. Plaintiff's action on such claims may not be prosecuted or maintained against OCSO.

## THIRD DEFENSE

24. Defendant Onondaga County Justice Center (OCJC) does not have a legal identity different from defendant Onondaga County.

25. OCJC does not have legal capacity to sue or be sued.

26. Plaintiff's claims against OCJC are duplicative of plaintiff's claims against defendant Onondaga County.

27. Plaintiff's action on such claims may not be prosecuted or maintained against OCJC.

## FOURTH DEFENSE

28. The liability of defendant for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable.

29. The liability of defendants to plaintiff for non-economic loss shall not exceed defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiffs' non-economic loss.

## FIFTH DEFENSE

30. Upon information and belief, plaintiff's economic loss was or will be replaced or indemnified from collateral sources.

31. The amount of damages for economic loss otherwise recoverable by plaintiff shall be diminished by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

## SIXTH DEFENSE

32. Defendant Onondaga County is a political subdivision of the state.

33. Punitive damages may not be assessed against defendant Onondaga County, nor against defendants Conway or Gonzalez acting in their official capacities.

## SEVENTH DEFENSE

34. Any damages of plaintiff were caused solely by the negligence, acts and/or omissions of the plaintiff or of a third party or parties over whom defendants exercised no control.

## EIGHTH DEFENSE

35. Plaintiff's claims against defendants must fail because of a lack of personal involvement by the defendants and/or their agents and employees.

## NINTH DEFENSE

36. The complaint fails to sufficiently allege the existence of a custom, policy or practice of the defendants that would support a claim under 42 U.S.C. §1983.

## TENTH DEFENSE

37. The complaint fails to state a cause of action upon which relief may be granted.

## FIRST CROSS CLAIM (PROACTIVE)

38. If defendants and defendant Proactive Health Care Medicine, PLLC (Proactive) are subject to liability for plaintiff's damages partly caused by the culpable conduct of Proactive, defendants are entitled to contribution from Proactive of the amount of the excess paid by defendants over and above their equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

## SECOND CROSS CLAIM (NAPHCARE)

39. If defendants and Naphcare are subject to liability for plaintiff's damages partly caused by the culpable conduct of Naphcare, Inc. (Naphcare), defendants are entitled to contribution from Naphcare of the amount of the excess paid by defendants over and above defendants' equitable share of any judgment for damages recovered by plaintiff, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages.

## THIRD CROSS CLAIM (PROACTIVE)

40. If defendants and Proactive are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Proactive, defendants are entitled to common law indemnity from Proactive of the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim for damages, and of the amount paid by defendants of a judgment for damages recovered by plaintiff.

## FOURTH CROSS CLAIM (NAPHCARE)

41. If defendants and Naphcare are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Naphcare, defendants are entitled to common law indemnity from Naphcare of the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending itself against plaintiff's claim for damages, and of the amount paid by defendants of a judgment for damages recovered by plaintiff.

## FIFTH CROSS CLAIM (PROACTIVE)

42. Defendants and Proactive were parties to a contract that Proactive shall provide health care services for plaintiff's decedent and defend, indemnify, and hold harmless defendants from and against plaintiff's claim and judgment for damages, and any loss, cost, and expense, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim and judgment for damages and enforcing the contract, caused in whole or in part by the culpable conduct of Proactive or arising directly or indirectly out of Proactive's performance of the contract.

43. Defendants are entitled to contractual indemnity from Proactive for the amount paid by defendants of a judgment for damages recovered by plaintiff and of the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim and judgment for damages and enforcing the contract.

## SIXTH CROSS CLAIM (PROACTIVE)

44. Defendants and Proactive were parties to a contract that Proactive shall obtain and maintain liability insurance in an amount of not less than $1 million underlying an amount of not less than $1 million umbrella or excess, by policies of insurance providing for the defense and indemnity of the insured of the policies against a claim and judgment for damages arising out of

Proactive providing health care services to the inmates of the Onondaga County Justice Center and performance of the contract, endorsed to make defendant Onondaga County an insured of the policies.

45. If Proactive failed or refused to obtain and maintain such liability insurance by such policies of insurance, Proactive breached the contract.

46. Such breach of the contract by Proactive has caused damages of defendants in the amount of $2 million or less paid by defendants of a judgment for damages recovered by plaintiff and in the amount of the loss, cost, and expense, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim and judgment for damages.

## DEMAND FOR RELIEF

47. Defendants demand a judgment that the complaint against defendants be and is dismissed.

48. Defendants demand a judgment that the liability of defendants for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable and the amount of non-economic loss recoverable by plaintiff from defendants be and is limited to defendant's equitable share of the total liability assigned to all persons liable.

49. Defendants demand a judgment that plaintiff's economic loss was or will be replaced or indemnified from collateral sources and the amount of damages for economic loss otherwise recoverable by plaintiff be and is diminished by the amount of plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

50. Defendants demand a judgment that defendants have contribution from and recover of Proactive the amount of the excess paid by defendants over and above defendants' equitable share

of a judgment for damages recovered by plaintiff, if defendants and Proactive are subject to liability for plaintiff's damages partly caused by the culpable conduct of Proactive.

51. Defendants demand a judgment that defendants have contribution from and recover of Naphcare the amount of the excess paid by defendants over and above defendants' equitable share of a judgment for damages recovered by plaintiff, if defendants and Naphcare are subject to liability for plaintiff's damages partly caused by the culpable conduct of Naphcare.

52. Defendants demand a judgment that defendants have common law indemnity from and recover of Proactive the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Proactive are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Proactive.

53. Defendants demand a judgment that defendants have common law indemnity from and recover of Naphcare the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claim for damages, and the amount paid by defendants of a judgment for damages recovered by plaintiff, if defendants and Naphcare are subject to liability for plaintiff's damages in no part caused by the culpable conduct of defendants and wholly caused by the culpable conduct of Naphcare.

54. Defendants demand a judgment that defendants have contractual indemnity from and recover of Proactive the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claims and enforcing the contract, and the amount paid by defendants of a judgment for damages recovered by plaintiff.

55. Defendants demand a judgment that Proactive breached the contract and defendants recover from Proactive the amount of the costs, disbursements, and expenses, including an attorney's fee, incurred by defendants in defending themselves against plaintiff's claims, and the amount of $2 million or less paid by defendants of a judgment for damages recovered by plaintiff, if Proactive failed or refused to obtain and maintain such liability insurance by such policies of insurance.

56. Defendants demand a judgment that defendants recover of plaintiff, Proactive, and Naphcare the costs and disbursements of the action.

57. Defendants request any other and further relief in their favor the Court may deem just and proper.

58. Defendants reserve the right to amend, modify and/or supplement this answer.

Dated: January 24, 2023
       Syracuse, New York

John A. Sickinger
Senior Deputy County Attorney
Bar Roll No. 513595
*Attorney for Defendants Onondaga County, Eugene Conway and Esteban Gonzalez*
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Floor
421 Montgomery Street
Syracuse, New York 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
johnsickinger@ongov.net