**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Case No. 5:22-cv-1165 (BKS/TWD)**

**LORI REYNOLDS, Individually and as Administratrix of the ESTATE OF ANGELA P. PENG**

**Plaintiff,**

**-vs-**

**THE COUNTY OF ONONDAGA, ONONDAGA COUNTY JUSTICE CENTER, ONONDAGA COUNTY SHERIFF'S OFFICE, EUGENE J. CONWAY, as the Onondaga County Sheriff, ESTEBAN M. GONZALEZ, as the Chief Custody Deputy, PROACTIVE HEALTH CARE MEDICINE, PLLC, NAPHCARE, INC., "JOHN/JANE DOE" #1 through "JOHN/JANE DOE" #30 (the last names being fictitious, intended to designate the Onondaga County Justice Center deputies, staff and employees and the agents, servants and/or employees of the County of Onondaga, Onondaga County Sheriff's Office, and Onondaga County Justice Center as well as the agents, assigns, servants and /or employees of PROACTIVE HEALTH CARE MEDICINE, PLLC and/or NAPHCARE, INC., responsible by virtue of employment or contract for providing care, control, and supervision to the Plaintiff-decedent, Angela P. Peng, during the course of her incarceration at the Onondaga County Justice Center, each individually and in their official capacity,**

**Defendants.**

**STIPULATION AND ORDER FOR EXCHANGE OF CONFIDENTIAL, PRIVILEGED AND PROPRIETARY INFORMATION**

This matter having come before the Court by stipulation of counsel for all parties to this action for the entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of confidential, private, proprietary and/or trade secret documents and information which may be disclosed by any party and/or their respective counsel or by any non-party in the course of discovery in this matter to the

161585104.1

extent set forth below; and the parties, by, between and among their respective counsel, having

stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED that**:

## PURPOSES AND LIMITATIONS

1.      Discovery in this action is likely to involve production of confidential, proprietary,

or private information for which special protection may be warranted. This Stipulation and Order

is being entered into to facilitate the production, exchange and discovery of documents and

information which the parties agree merit confidential treatment (hereinafter the "Interrogatory

Answers," "Documents," or "Testimony").

2.      This Stipulation and Order does not confer blanket protection on all disclosures or

responses to discovery. The protection it affords from public disclosure and use extends only to

the limited information or items that are entitled to confidential treatment under the applicable

legal principles. This Stipulation and Order does not presumptively entitle parties to file

confidential information under seal.

3.      This Stipulation and Order is entered into without prejudice to the right of either

party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof

by properly noticed motion to the Court or to challenge any designation of confidentiality as

inappropriate under the Federal Rules of Civil Procedure or other applicable law.

4.      Nothing in this Stipulation and Order shall be deemed to waive any privilege

recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts

or documents revealed in the course of disclosure.

-2-

161585104.1

5.      The production or disclosure of Confidential Information pursuant to this Stipulation and Order shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

6.      This Stipulation and Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

## "CONFIDENTIAL INFORMATION"

7.      As used in this Stipulation and Order, the term "Confidential Information" shall include any material or information which is disclosed in the course of the lawsuit by any party or non-party to this action which is deemed in good faith by the Disclosing Party to be confidential or proprietary, and that at or before the time of disclosure has been designated as "Confidential" or "Attorneys' Eyes Only" in one or more of the following ways:

(a)      Information set forth in an answer to an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorneys' Eyes Only".

(b)      Information contained in any document or part thereof may be so designated by marking the word "Confidential" or "Attorneys Eyes Only" on the first page of the document and all copies of it.

(c)      Information contained in an answer to any questions asked during an oral deposition may be designated "Confidential" or "Attorneys' Eyes Only" by a statement made on the record during the course of the deposition on the same day which the answer

-3-

is given or by writing served by first class mail within twenty (20) days of receiving the deposition transcript.

## OTHER DEFINITIONS

8.      "Disclosing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

9.      "Receiving Party" and/or "Receiving Parties" shall mean the parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

## SCOPE

10.      The protections conferred by this Stipulation and Order cover not only confidential information, as defined above, but also (1) any information copied or extracted from confidential information; (2) all copies, excerpts, summaries, or compilations of confidential information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential information.

11.      The protections conferred by this Stipulation and Order do not, however, cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

12.      **Basic Principles.** Confidential Information shall be utilized by the Receiving Parties and their respective counsel only for purposes of this litigation and for no other purposes. Confidential Information may be disclosed only to the categories of persons and under the conditions described by this Stipulation and Order. Confidential Information must be stored and

-4-

161585104.1

maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

13.     **Disclosure of Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

(a)     the officers, directors, or personnel of plaintiff or defendants (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have been advised of their obligations hereunder, unless the parties agree that a particular document or material is produced for Attorney's Eyes Only and is so designated;

(b)     counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     insurers or insurance carriers of any party, provided, however, such Confidential Information is furnished, shown or disclosed in accordance with this Stipulation and Order;

(d)     expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with this Stipulation and Order;

-5-

(e)     the Court and court personnel, if filed in accordance with this Stipulation and Order;

(f)     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with this Stipulation and Order hereof;

(g)     trial and deposition witnesses, if furnished, shown or disclosed in accordance with this Stipulation and Order;

(h)     copy or imaging services retained by counsel to assist in duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information;

(i)     the author or original recipient of a document containing the information or a custodian or other person who previously knew the information; and

(j)     any other person agreed to by the parties.

14.     Before any disclosure of Confidential Information is made to any third party described in paragraph 13(c), (d), (f), (g), or (j) of this Stipulation and Order, counsel for the appropriate Receiving Party shall provide the third party's written agreement, in the form of **Exhibit A** attached hereto, to comply with and be bound by its terms. If the third party is an expert or consultant, Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by FRCP R. 26, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied. If the third party is a court reporter or deposition

-6-

witness, the court reporter or deposition witness shall be provided with a copy of this Stipulation and Order and shall execute the certificate annexed hereto prior to the disclosure of any Confidential Information to such third party. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

15.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

16.     **Procedures for Filing Materials Containing Confidential Information.**

(a)     Before filing Confidential Information or discussing or referencing such material in court filings, the filing party shall confer with the Disclosing Party to determine whether the Disclosing Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Disclosing Party must identify the basis for sealing the specific Confidential Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5.3 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

(b)     In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in

-7-

161585104.1

sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words: "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties.  Violation hereof may be regarded as contempt of the Court.

(c)    As an alternative to the procedure set forth in paragraph 16(b), any party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties.

-8-

161585104.1

Such documents shall be returned by the Court Clerk upon disposition of the motion or other proceeding for which they were submitted.

(d)     All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

## DESIGNATING PROTECTED MATERIAL

17.     **Exercise of Restraint and Care in Designating Material for Protection.** Each party or nonparty that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Disclosing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Disclosing Party to sanctions. If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

18.     **Manner and Timing of Designations.** Except as otherwise provided in this Stipulation and Order or otherwise stipulated or ordered, disclosure or discovery material that

161585104.1

qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)      **Information in documentary form**: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Disclosing Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the Disclosing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      **Testimony given in deposition or other pretrial proceedings**: the parties and any participating nonparties may identify on the record, during the deposition or other pretrial proceeding, protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or nonparty may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Prior to the expiration of such 30 day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. If a party or nonparty desires to protect confidential information at trial, the issue should be addressed during the pretrial conference.

(c)      **Other tangible items**: the Disclosing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party shall, to the extent practicable, identify the protected portions.

-10-

161585104.1

19.     **Inadvertent Failure to Designate.** Any document or information that may contain Confidential Information which has been inadvertently disclosed or produced without identification as to its "confidential" nature, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" and/or "Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation. The inadvertent production of information or documents by any party shall not in itself be deemed to waive any claims of attorney-client privilege or attorney work-product which might exist with respect to such document or other documents or communications, written or oral, including without limitation, other communications referred to in the documents or information disclosed, so long as the inadvertent failure to designate qualified information is timely corrected.

### CHALLENGING CONFIDENTIALITY DESIGNATIONS

20.     **Timing of Challenges.** Any party or nonparty may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness; unnecessary economic burdens; or a significant disruption or delay of the litigation, a party or nonparty does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

21.     **Meet and Confer.** The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

-11-

affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

22.     **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, or if the County of Onondaga and/or its officials, officers, agencies, authorities and/or departments receive a request for documents, information and/or materials pursuant to the Freedom of Information Law ("FOIL") involving documents, information and/or materials designated Confidential Information, the Disclosing Party and/or the County may move the Court for an order classifying those documents or materials as Confidential Information. The burden of persuasion in any such motion shall be on the Disclosing Party or moving party. If such a motion is timely filed within such twenty (20) day period, such documents or materials shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" until further order of the Court or agreement of counsel. If no motion is timely filed within such twenty (20) day period, the documents or other materials shall be deemed declassified and shall not be treated as Confidential Information under this Stipulation and Order. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Nothing in this stipulated order shall otherwise diminish or eliminate the County's FOIL obligations.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

23.     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as confidential, that party must:

161585104.1

    (a)     promptly notify the Disclosing Party in writing and include a copy of the subpoena or court order;

    (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and

    (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Disclosing Party whose Confidential Information may be affected.

### UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized by this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosure; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request that such person or persons execute the written agreement attached hereto as **Exhibit A**.

25.    **Inadvertent Production of Privileged or Otherwise Protected Material**. If inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the person or persons to whom the inadvertent disclosure was made are as set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to an entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

161585104.1

## TERMINATION AND RETURN OF DOCUMENTS

26.     This Stipulation and Order shall continue to be binding after the conclusion of this litigation except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any portion of this Stipulation and Order. The provisions of this Stipulation and Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

27.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy electronically stored information, physical objects or documents, such party shall certify in writing within 60 days of the final termination of this litigation that it has undertaken its best efforts to destroy same, and that same have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting attorney work product; pleadings; motion papers; discovery responses; deposition, trial, and hearing transcripts; deposition, trial, and hearing exhibits; and consultant and expert work product, even if such materials contain Confidential Information. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes and/or rules of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

-14-

161585104.1

## AMENDMENTS TO THIS STIPULATION AND ORDER

28.    This Stipulation and Order may be changed only by further order of this Court. Nothing in this provision shall be construed as prejudicing the rights of a party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

161585104.1

Dated:          May 8, 2023

KENNY & KENNY, PLLC

_Heidi M P Hysell_

**Heidi M. Hysell**
**Federal Bar Roll No. 103123**
**Attorneys for Plaintiff**
**Office and Post Office Address**
**315 West Fayette Street**
**Syracuse, New York 13202**
**Telephone: (315) 471-0524**

COUNTY OF ONONDAGA
DEPARTMENT OF LAW

_John A. Sickinger_

**John A. Sickinger**
**Federal Bar Roll No. 513595**
**Attorneys for the Defendants,**
   **County of Onondaga, Eugene Conway**
   **and Esteban Gonzalez**
**Office and Post Office Address**
**John H. Mulroy Civic Center, 10th Floor**
**421 Montgomery Street**
**Syracuse, New York 13202**
**Telephone: (315) 435-2170**

COSTELLO, COONEY & FEARON, PLLC

_Paul G. Ferrara_

**Paul G. Ferrara**
**Federal Bar Roll No. 101638**
**Attorneys for the Defendant,**
   **Proactive Health Care Medicine, PLLC**
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

PERKINS COIE, LLP

_David A. Perez_

**David A. Perez**
**Federal Bar Roll No.**
**Attorneys for the Defendant,**
**NaphCare, Inc.**
**Office and Post Office Address**
**1155 Avenue of the Americas, 22nd Floor**
**New York, New York 10036**
**Telephone: (212) 262-6900**

IT IS SO ORDERED:

_Thérèse Wiley Dancks_

Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated:  May 8, 2023

-15-

161585104.1

EXHIBIT "A"

------------------------------------------------------------------x

**LORI REYNOLDS, Individually and as Administratrix of the ESTATE OF ANGELA P. PENG,**

Plaintiff,

-vs-

**THE COUNTY OF ONONDAGA, ONONDAGA COUNTY JUSTICE CENTER, ONONDAGA COUNTY SHERIFF'S OFFICE, EUGENE J. CONWAY, as the Onondaga County Sheriff, ESTABEAN M. GONZALEZ, as the Chief Custody Deputy, PROACTIVE HEALTH CARE MEDICINE, PLLC, NAPHCARE, INC., "JOHN/JANE DOE" #1 through "JOHN/JANE DOE" #30 (the last names being fictitious, intended to designate the Onondaga County Justice Center deputies, staff and employees and the agents, servants and/or employees of the County of Onondaga, Onondaga County Sheriff's Office, and Onondaga County Justice Center as well as the agents, assigns, servants and /or employees of PROACTIVE HEALTH CARE MEDICINE, PLLC and/or NAPHCARE, INC., responsible by virtue of employment or contract for providing care, control, and supervision to the Plaintiff-decedent, Angela P. Peng, during the course of her incarceration at the Onondaga County Justice Center, each individually and in their official capacity**

**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL**

------------------------------------------------------------------x

I, _____, state that:

1. My address is_____.
2. My present employer is _____.
3. My present occupation or job description is _____

_____
4. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "**Stipulation**) entered in the above-entitled action on _____.
5. I have carefully read and understand the provisions of the Stipulation.
6. I will comply with all of the provisions of the Stipulation.

161585104.1

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____          _____

161585104.1