**Kenny & Kenny, PLLC**

John S. Kenny (1931–2013)

Michael P. Kenny | Heidi M. P. Hysell | Allison L. Pardee

315 West Fayette Street
Syracuse, NY 13202
P: 315.471.0524
F: 315.471.4238

May 22, 2024

**VIA CM/ECF ONLY**
Hon. Thérèse Wiley Dancks
United States District Court, Northern District of New York
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, New York 13202

   RE:  **Reynolds v. Onondaga County, et al.**
       **Civil Action No.: 5:22-cv-1165 (BKS/TWD)**

Dear Judge Dancks:

  In connection with and pursuant to the Court's Text Order of 5/17/24 (Dkt# 148) in preparation for the in-person discovery conference on May 29, 2024, please accept this correspondence as Plaintiff's position relative to the outstanding issues as to the outstanding dispute as to the timeframe for information demanded regarding "inmate suicide/related claims", inmate names, and prior medical/mental health contractors.

  On or about March 17, 2023, in Plaintiff's First Notice for Production of Documents directed to the County Defendants, Plaintiff demanded that the County Defendants produce any and all documents and materials relating to any mortality review, death investigation/review, suicide investigation/review, morbidity report/review/investigation, root cause analysis, or any other similar type of internal audit, review, or investigation completed by Defendant regarding any other inmate and/or detainee death(s) **during the previous ten (10) year period, from 2013 through the present, subject to any redaction required by HIPAA**. This request includes, but is not limited to: (1) all documents and materials considered in connection with any such review, audit, or investigation; (2) all documents and materials consulted in connection with any such review, audit, or investigation; (3) all documents and materials produced, created, or authored by any person connection with any such review, audit, or investigation, including any notes or memoranda. See, #19 of Plaintiff's First NTP to County Defendants.

  On or about August 21, 2023, in response to this demand, the County Defendants objected to this demand as "overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of relevant information." See, #19 of County Responses to Plaintiff's First NTP.

  At this time, Plaintiff has not issued any formal objection to the County's objection to and refusal to providing information relative to other inmate and/or detainee death(s) and any investigations and/or reviews and/or root cause analyses of the same for a period of ten (10) years.

Reynolds v. Onondaga County, et al.<br>
Civil Action No.: 5:22-cv-1165 (BKS/TWD)<br>
Plaintiff's Position Paper to Court<br>
May 22, 2024<br>
Page 2 of 3

While there has been no formal ruling relative to this specific issue of the discoverability of prior suicide(s) and/or death(s) at OCJC to date, the Court made certain rulings directing the County to produce to NaphCare documents of other incidences of the County failing to catch or confiscate contraband from incarcerated individuals and delayed notification to medical staff regarding an incarcerated individual's condition for a one year period prior to 9/1/2021 (e.g., 9/1/2020 to 9/1/2021) and limited to OCJC, ***without prejudice as to the time frame***. *See*, ¶ 2 of the Order of Hon. Thérèse Wiley Dancks of February 22, 2024 (Dkt# 128). At that time, the parties agreed to hold in abeyance disputes with regard to information sought from the County regarding communications related to other deceased inmates, Byrd and Watkins, and the parties reserved the right to raise this issue with the Court in the future, if necessary. *See*, Id., at ¶ 4.

Information relative to the information sought by Plaintiff, and Proactive, regarding prior suicide(s) and/or death(s) at OCJC are material and necessary to the establishment of a pattern and practice, an essential element of Plaintiff's Monnell claim against the County and, by extension, their delegated actors, medical providers Proactive Health Care Medicine, LLC and NaphCare, Inc. *See*, Amended Complaint at ¶¶ 84-98, 103-114; *see also*, Carter v. Broome County, 394 F.Supp.3dd 228, 241-242 (W.D.N.Y., 2019) (as "the County remains liable for any constitutional deprivations caused by the policies or customs of the [private medical contractor]." (internal citations omitted). Factors relevant to this claim include whether the municipal jail's knowledge of other prior inmate deaths at the facility and any investigation and/or response stemming from said death(s). Id. at 242.

Plaintiff joins in Proactive's request for disclosure of information relative to prior death(s) and/or suicides for a period of five (5) years prior to 9/1/2021 (e.g., 9/1/2016-9/1/2021). Disclosure of this information for only a period of one (1) year, particularly when the information being demanded and received relates to deaths. A period of five (5) years would not only capture the entirety of Proactive/NaphCare's contract with the County (which started on January 1, 2020, see Dkt# 47-2 and 47-3), but any pattern and/or practice of any prior medical contractors, which is directly related to the County's constitutional duty to provide adequate medical care to inmates housed within the OCJC. We agree that these records may be redacted as necessary according to HIPPA policy but it is our understanding that inmates names, when transmitted alone without other Personally Identifiable Information, would not constitute a HIPPA violation, and, certainly, any PII may be redacted. Disclosure of the prior medical and/or mental health contractors is similarly material and necessary for the foregoing reasons, as an essential element of Plaintiff's Monnell claim against the County (and, by extension, their medical / mental health contractors).

Similarly, Defendants Proactive and NaphCare have also refused to provide information relative to prior suicides and/deaths for inmates within their care. (A similar demand for information to that directed at the County Defendants, as replicated above, was made in ¶ 21 of Plaintiff's 1st NTP to Proactive and ¶21 of Plaintiff's 1st NTP to NaphCare.) Both Proactive and NaphCare have made similar objections to that of the County as to this demand, stating that this request is "overly broad, unduly burdensome, cumbersome, and is disproportionate to the needs

Reynolds v. Onondaga County, et al.
Civil Action No.: 5:22-cv-1165 (BKS/TWD)
Plaintiff's Position Paper to Court
May 22, 2024
Page 3 of 3

of this action" as "[t]his case is about a single inmate's death in custody at a particular facility at which [Proactive/NaphCare] was contracted to provide certain services, and documents related to other inmate suicides or attempted suicides and other facilities are disproportionate to the needs of the case." Proactive/NaphCare further objected based upon asserted attorney-client and joint defense and/or common interest privileges, and Proactive also objected based on HIPPA.

  Although Plaintiff admits that Plaintiff has not issued any formal objection to Proactive/NaphCare's objections to and refusal to providing information relative to **other** inmate and/or detainee death(s) and any investigations and/or reviews and/or root cause analyses of the same for a period of ten (10) years, these objections must be dealt with as part and parcel to the pending dispute as if information relative to prior suicide(s) and/or death(s) at other facilities is material and necessary to Plaintiff's Monnell claim against the County, and contracted medical contractors by extension, as information as to any pattern and/or practice of any prior and/or current medical contractors providing inadequate medical care both immediately preceding their contract with Onondaga County and during said contract is directly related to the County's constitutional duty to provide adequate medical care to inmates housed within the OCJC. Further, pursuant to the contract, Proactive only operated at facilities within Onondaga County, the municipal Defendant herein, so Plaintiff fails to see how this request would be "overbroad" or "not relevant" to the issues in this case. Moreover, based upon the deposition testimony of NaphCare employees who provided care to Plainitiff's decedent at OCJC, specifically remote provision and ordering of prescriptions and other treatment for inmates not only at the OCJC but at other facilities across the country during the same time frame as they were providing these services to the OCJC, information relative to other suicide(s) and/or death(s) is certainly material and necessary as to the Plaintiff's Monnell claim against the County (and, again, by extension, the County's medical contractors). As indicated above, the County's contract with Proactive/NaphCare began on January 1, 2020 so we again request that Proactive and NaphCare also be required to disclosure of information relative to prior death(s) and/or suicides for a period of five (5) years prior to 9/1/2021 (e.g., 9/1/2016-9/1/2021), similar to the County, subject to redaction as required by HIPPA, as discussed above.

Should the Court require additional information, or want to see the full pleadings reference herein, or any other referenced documents that are not already a part of the record, which have been omitted for the purposes of brevity and compliance with the Court's submission limits, please do not hesitate to reach out to my office.

Thank you again for your time and attention to this matter.

Respectfully Submitted,
**KENNY & KENNY, PLLC**

*Heidi M P Hysell*
Heidi M. P. Hysell, Esq.
Michael P. Kenny, Esq.