

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

**Thomas J. DeBernardis**
Associate Attorney
tdebernardis@smithsovik.com

May 22, 2024

*Syracuse | Buffalo*
*Hudson Valley | Long Island*

**VIA ECF**
Hon. Thérèse Wiley Dancks
United States Magistrate Judge
Northern District of New York
100 S. Clinton Street
Syracuse, NY 13261

      Re:    Reynolds vs. County of Onondaga, et al.
                Case No.: 5:22-cv-01165 (BSK-TWD)

Dear Judge Dancks:

      On behalf of County Defendants, I submit this letter brief in further response to Proactive's letter of May 16, and in response to Plaintiff's letter of May 22, 2024, addressing County Defendants' objections to Proactive's and Plaintiff's discovery demands concerning prior inmate deaths/suicides within the five years preceding the events in question.

      County Defendants object to disclosure of information relative to prior death(s) and/or suicides for a period of five (5) years prior to 9/1/2021 (e.g., 9/1/2016-9/1/2021). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[i]nformation is 'relevant' if it (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huseby, LLC v. Bailey*, 2021 WL 3206776 (D. Conn 2021). Indeed, "**even when the requested information sought is relevant, the court must limit the frequency or extent of discovery where…the burden or expense of the proposed discovery outweighs its likely benefit**." *Woodward v. Afify*, 2017 WL 279555 at 2\* (W.D.N.Y. 2017) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)(ii)) (emphasis added). The court in *Woodward* also noted that "the federal rules should be construed, administered and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id*. (citing Fed. R. Civ. P. 1 (advisory committee notes explaining that court, lawyers and parties share this responsibility and that "effective advocacy is consistent with—and indeed depends upon—cooperative and ***proportional*** use of procedure")). (emphasis added).

**Smith Sovik Kendrick & Sugnet P.C.**

May 22, 2024
Page 2

     Here, as noted in Mr. Rose's letter of May 16, County Defendants have agreed to provide certain information concerning prior inmate suicides within the preceding one year period.  In addition, all parties have been furnished copies of the Justice Center's policies and procedures for the handling of inmates at booking, supervision in general, and inmate searches, among others.  Indeed, these policies have been cited and discussed at depositions thus far.  Accordingly, County Defendants have already disclosed information and materials proportionate to the needs of the parties given the claims and defenses in this case.

     Further, information concerning non-suicide deaths is not material and necessary, much less relevant, to this case.  This case concerns the narrow issue of whether the deputies appropriately responded to decedent on September 3, 2021.  Co-defendants have also asserted baseless allegations concerning the searches performed on decedent. Information concerning other inmates, unrelated and non-suicide deaths, and suicides beyond the one year period, is not proportionate to the needs of the case. Likewise, information concerning prior medical and mental health contractors falls well beyond the scope of relevance here. While Plaintiff cites the need to establish a "pattern and practice," to date, there has been no discovery in this case supporting any claim that the County engaged in a pattern and practice of neglect in ensuring inmates were afforded proper medical and mental health care.  Plaintiff's claims against the codefendant medical entities are separate and apart from Plaintiff's claims against the County; again, to the extent Plaintiff claims the County's policies and procedures were defective, the parties have been furnished with the relevant policies and procedures.

     It is worth noting we are well into depositions during which, again, the focus has partly been the policies and procedures disclosed by the County.  To the extent information concerning prior deaths/suicides beyond the one year period becomes proportionate, whether based on testimony or otherwise, County Defendants can revisit these demands.  As it currently stands, however, County Defendants reinforce their position set forth in the prior letters submitted.  To the extent Plaintiff's most recent letter seeks additional materials directly responsive to Plaintiff's Request for Production No. 19, as noted, these demands were served well over a year ago and there has been no formal objection or notice of deficiency following the County's responses.

     Lastly, while the prior demands at issue did not concern prior suicides, specifically, they did concern matters closely related to the claims herein, and this Court limited several of Naphcare's demands to a one year period (09/01/2020—09/01/2021); thus, there is once again no basis to claim the parties are entitled to information dating back five years.  County Defendants would welcome the opportunity to address these matters in

Smith Sovik Kendrick & Sugnet P.C.

May 22, 2024
Page 3

further briefing and at the forthcoming conference.

 We thank the Court for its time and attention to this matter.

Respectfully,

Thomas J. DeBernardis

CC: all counsel of records via ECF

{S2051300.1}