UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORI REYNOLDS, Individually and as
Administratrix of the Estate of Angela P. Peng,

                                    Plaintiff,

                                                        5:22-CV-1165
v.                                                      (BKS/TWD)

THE COUNTY OF ONONDAGA, et al.,

                                    Defendants.
_____

APPEARANCES:                             OF COUNSEL:

KENNY & KENNY, PLLC                      MICHAEL P. KENNY, ESQ.
Counsel for Plaintiff                    HEIDI M. P. HYSELL, ESQ.

SMITH SOVIK, KENDRICK & SUGNET, PC       THOMAS J. DeBERNARDIS, ESQ.
Counsel for County Defendants

PERKINS COIE, LLP                        STEPHANIE OLSON, ESQ.
Counsel for Defendant Naphcare, Inc.     DAVID PEREZ, ESQ.

COSTELLO, COONEY & FEARON, PLLC          PAUL G. FERRARA, ESQ.
Counsel for Defendant Proactive          DANIEL R. ROSE, ESQ.
Healthcare Medicine, PLLC


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

Court reviewed numerous letter requests and responses (Dkt. Nos. 131, 132, 133, 135,

141, 143, 144, 146, 147, 149, 150, and 151) regarding discovery disputes amongst the parties,

and also reviewed, in camera, excerpts from the employment files of four of the County

defendants' witnesses submitted by a transmittal letter (Dkt. No. 136) pursuant to a prior

directive of the Court (*see* Dkt. No. 128) at a previous discovery conference.   The Court also

held a lengthy in person discovery conference on the record with counsel on May 29, 2024.   At the conference, the Court made the following rulings:

(1) **Employment records - discipline and training** (*see* Dkt. Nos. 128, 136): Pursuant to counsel's representations, no disciplinary records exist for the four subject County witnesses; therefore, the County defendants shall respond to that demand in writing by June 21, 2024, indicating that no such records exist.   Per the Court's in camera review of the list of training courses undertaken by the four subject County witnesses, the County shall produce the four lists of training records redacted except for the following which must be disclosed: (a) **Campbell** – CUS-21/03, CUS-21/04, CUS-21/05, SHR-21/15, and SHR-21/03; (b) **Cabrey** – CUS-19/16, CUS-20/07, CUS-20/21, SHR-20/17, SHR-20/18, SHR-20/19, CUS-21/03, CUS-21/04, SHR-21/03, CUS-21/05, and SHR-21/15; (c) **Leubner** – Mental Health Training 12/27/2016, CUS-18/01, 0243, CUS-19/01, CUS/Transp, CUS-19/16, CUS-20/07, CUS-20/21, SHR-20/17, SHR-20/18, SHR-20/19, CUS-21/03, CUS-21/04, SHR-21/03, CUS-21/05, and SHR-21/15; **Sanderson** – 10/27/2017 Suicide Prevention (Refresher), 10/26/2017 ASHI C.P.R., 10/26/2017 ASHI First Aid, 1/20/2017 Suicide Prevention (Initial), 1/19/2017 ASHI C.P.R., 1/19/2017 ASHI First Aid, 1/19/2017 Automated External Defibrillation, 10/4/2018 Annual In Service Day 1 ("Adult/Infant/Child CPR/AED" and "First Aid" only), 10/6/2018 Annual In Service Day 2 ("Suicide Prevention" only), "Opioid Overdose and Intranasal Naloxone Training for Law Enforcement Course" 02/22/2018, CUS-18/01, COR-20/18, COR-SERT10, SHR-20/17, SHR-20/18, SHR-20/19, COR-21/04, COR-21/01, COR-21/02, and SHR-21/15.   These documents shall be produced by June 21, 2024.

(2) **Common Interest Privilege** (Dkt. Nos. 131, 132, 133, 135): For the reasons stated on the record per the relevant transcript pages attached and which are incorporated by reference, the

Court finds the common interest privilege applies, and the documents outlined on defendant

Naphcare's amended privilege log (*see* Dkt. No. 131-1), which the Court finds sufficiently

detailed, are protected by the common interest privilege.   The underlying privileges protected by

the common interest privilege include the attorney-client privilege and attorney work product

privilege.

(3) **Deposition Conduct** (Dkt. Nos. 141, 143, 146): Any request for sanctions is denied

without prejudice.   However, the parties' attorneys are to conduct themselves professionally and

civilly during all depositions and in any interactions related to the prosecution and defense of this

case.   To be clear, there should be no coaching of witnesses, no obstruction, and no repetitive

questions.   Objections may be stated with regard to form and privilege with a word or two of

explanation to provide inquiring counsel with an opportunity to cure the question should counsel

choose to do so.   If any further unprofessional behavior in the judgment of the Court occurs

during the remaining depositions, the Court will appoint a Special Master to participate in all

further depositions, the cost of which will be borne by all parties, and other sanctions may also

be imposed on the specific offending counsel.

(4) **Interrogatory Responses** (Dkt. Nos. 144, 147, 149, 150, 151): The parties have

reached an agreement with regard the discovery requests concerning inmate suicides at the

Justice Center for the time period of September 2016 through September 2021.   In accordance

with the representations of counsel for the County defendants, no such records exist because

there were no suicides in that time period.   The County defendants shall respond to those related

demands in writing by June 21, 2024, indicating that no such records exist.   Regarding requests

seeking the names of medical and mental health providers and entities, and substance abuse

providers and entities, for the time period of September 2016 through September 2021, those

3

requests are denied without prejudice.   The County has already produced numerous relevant

policies and procedures in effect during September of 2021 in response to demands related to

plaintiff's *Monell* claim   The Court finds no connection or relevance to the *Monell* claim has

been shown at this time to the names of specific providers or entities who may have preceded

defendants Naphcare and Proactive in the delivery of mental, physical, and substance abuse care

to individuals incarcerated at the Justice Center.   As noted, this directive is made without

prejudice should any further information surface through discovery that would tend to show that

such information is relevant to the *Monell* claim.   To the extent the parties seek information

about other facilities where Naphcare and Proactive may have provided medical services during

the relevant time period, that request is likewise denied as not relevant to any claims or defenses

and not reasonably calculated to lead to relevant information.   It is also overly burdensome.

(5) **Miscellaneous Discovery Issues and Remaining Discovery Deadlines** (raised *sua*

*sponte* by the parties and the Court): After discussion with all counsel regarding discovery

remaining, the parties agreed that witnesses Alverez and Gonzalez would be produced for

depositions by their respective counsel.   Court then extended the remaining pretrial deadlines

and made further directives as set forth in detail in the relevant ordering paragraph below.   Since

the Court extended the deadlines significantly, the Court will not be inclined to extend them any

further.   The parties are to meet and confer to draft a complete schedule for the remaining fact

witnesses' depositions as discussed at the conference.

**ACCORDINGLY**, it is

**ORDERED** that the various discovery disputes at outlined in Dkt. Nos. 131, 132, 133,

135, 136, 141, 143, 144, 146, 147, 149, 150, and 151 are **GRANTED**, in part, and **DENIED**, in

part, as set forth above; and it is further

**ORDERED** that the documents and information to be exchanged as set forth above shall be served by 6/21/2024; Naphcare shall submit a joint status report to the Court regarding the complete schedule for the remaining fact witnesses' depositions by 6/28/2024, including witnesses Alvarez and Gonzalez and any FRCP 30(b)(6) witnesses, and the schedule shall specifically identify each witness and the date on which each witness will be deposed.   The status report shall also set forth the specific date for the mediation as confirmed with the mediator; and it is further

**ORDERED** that the deadlines are reset as follows: all fact discovery due 10/15/2024; fact discovery motions due 10/29/2024; plaintiff's expert disclosure due 11/12/2024; defendants' expert disclosure due 12/16/2024; any rebuttal expert disclosure due 1/6/2025; all expert discovery, including expert depositions, due 2/10/2025 after which discovery will be closed; expert discovery motions due 2/24/2025; dispositive motions due 3/7/2025; mediation due 9/30/2024.

Dated: June 10, 2024
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
LORI REYNOLDS, Individually and as
Administratrix of the Estate Angela P. Peng,

                    Plaintiff,


vs.                                    5:22-cv-1165

THE COUNTY OF ONONDAGA, et al.,

                    Defendants.
------------------------------------------------x




**TRANSCRIPT OF DISCOVERY CONFERENCE**
**BEFORE THE HONORABLE THERESE WILEY DANCKS**
held on May 29, 2024
100 South Clinton Street, Syracuse, NY




*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

APPEARANCES

For Plaintiff:

    KENNY, KENNY LAW FIRM
    315 West Fayette Street
    Syracuse, NY 13202
    BY:  MICHAEL P. KENNY, ESQ.
        HEIDI M.P. HYSELL, ESQ.

For County Defendants:

    SMITH, SOVIK, KENDRICK & SUGNET, P.C.
    250 South Clinton Street
    Syracuse, NY 13202
    BY:  THOMAS JOHN DeBERNARDIS, ESQ.

For NaphCare, Inc.:

    PERKINS COIE LLP
    1201 Third Avenue
    Seattle, WA 98101
    BY:  DAVID PEREZ, ESQ.
        STEPHANIE D. OLSON, ESQ.

For Proactive Healthcare Medicine, PLLC:

    COSTELLO, COONEY & FEARON, PLLC
    211 W. Jefferson Street
    Syracuse, NY 13202
    BY:  PAUL G. FERRARA, ESQ.
        DANIEL R. ROSE, ESQ.

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

26

1    committed medical malpractice with the treatment of the same

2    plaintiff here.  This is no different, your Honor, than a

3    physician in a hospital who is treating a patient, and we'll

4    just say, for example, your Honor, the doctor and Crouse

5    Hospital are sued together.  They have a common interest and

6    have an ability to put together a common defense.  Just

7    because I don't follow the same strategy on certain issues

8    that NaphCare has doesn't mean there is not a common interest

9    or a unity of interest going forward.

10            Mr. DeBernardis wanted to point out that our

11   witnesses may have testified slightly different on certain

12   issues.  That highlights the fact that both the plaintiff and

13   the County have had multiple opportunities to explore the

14   relationship between Proactive and NaphCare.  They've

15   answered the questions.  I can say we shouldn't be penalized

16   because my clients have taken the opportunity to testify

17   truthfully at their deposition.  That doesn't change the fact

18   that I may have a common defense, and I don't think I'm

19   required at this juncture to come forward and tell the

20   plaintiff and the County what my common defense strategies

21   are.

22            THE COURT:  Okay.  Anything else from anybody on

23   this issue?

24            MR. DeBERNARDIS:  No, judge.

25            THE COURT:  I'm going to issue my directive, and

Case 5:22-cv-01165-BKS-TWD  Document 158  Filed 06/05/24  Page 27 of 60

1    all of this will be attached to the transcript from today,

2    but I find that the common interest privilege does apply and

3    that the documents on the amended privilege log served by

4    NaphCare are protected by the common interest privilege.  And

5    the reason for that is because I find that NaphCare and

6    Proactive share a common legal interest and the documents

7    described were designed to further that interest because the

8    management services agreement provides for joint legal

9    counsel when facing potential litigation.

10        There are identical claims and allegations asserted

11   against both of those defendants in the operative pleading.

12   Proactive and NaphCare both use NaphCare's in-house counsel

13   which was contemplated by their management services

14   agreement.  The documents by their description set forth in

15   the amended privilege log further that common legal interest

16   assisting with legal review analysis and advice concerning

17   inmate medical events involving both of those defendants,

18   Proactive and NaphCare, including the analysis of claims and

19   care regarding the plaintiff decedent's death.

20        And the documents involved legal strategy, and it's

21   clear to me from the descriptions on the privilege log that

22   the individuals who are participating in these documents or

23   these emails, they understood that the information exchanged

24   would be confidential based on attorney-client privilege.

25        Also as I've said in the arguments, NaphCare was

Case 5:22-cv-01165-BKS-TWD   Document 159   Filed 06/10/24   Page 10 of 10
Case 5:22-cv-01165-BKS-TWD   Document 158   Filed 06/05/24   Page 28 of 60

28

1    subcontractor for Proactive with Proactive providing on-site

2    medical care and staff and NaphCare providing administration

3    and management services for Proactive, which apparently

4    included off-site individuals responding to medical issues,

5    these off-site individuals being licensed in New York.  And I

6    think NaphCare and Proactive intended to share these

7    documents and discussion in furtherance of that common

8    defense.

9           So that's my holding and the reasonings for it.

10   But I also find that NaphCare's amended privilege log

11   provides sufficient detail.  I know there was an argument

12   from the plaintiff that it wasn't detailed enough, but I do

13   find, and I looked over it very carefully, but I find that

14   NaphCare's amended privilege log provides sufficient detail

15   regarding the documents and the information that's being

16   withheld.

17          So that is my ruling.  The underlying privilege is

18   the attorney-client privilege and the work-product privilege,

19   and that is what the common interest privilege is protecting.

20   So that's my ruling on that issue.

21          Next issue, which is deposition conduct.  And these

22   arguments or complaints are written up in dockets 141, 143

23   and 146.

24          Mr. DeBernardis, I am, frankly, astounded that

25   Mr. Hulslander isn't here.  He should be here.  It's his