UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORI REYNOLDS, Individually and
as Administratrix of the Estate of
Angela P. Peng,                                5:22-cv-1165 (BKS/TWD)

                            Plaintiff,

v.

COUNTY OF ONONDAGA, TOBIAS J. SHELLEY as the
Onondaga County Sheriff, JOHN S. DRAPIKOWSKI as
the Chief Custody Deputy, NAPHCARE, INC.,
PROACTIVE HEALTH CARE MEDICINE, PLLC, and
JOHN/JANE DOES 1–30,

                            Defendants.

---

**Appearances:**

*For Plaintiff:*
Michael P. Kenny
Heidi M. P. Hysell
Kenny & Kenny, PLLC
315 West Fayette Street
Syracuse, NY 13202

*For Defendants County of Onondaga, Shelley, and Drapikowski:*
John A. Sickinger
Onondaga County Attorney's Office
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

*For Defendant NaphCare:*
Dennis C. Hopkins
David A. Perez
LaMarte Williams, Jr.
Stephanie D. Olson
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff Lori Reynolds, individually and on behalf of the estate of Angela P. Peng, brings this wrongful death action alleging violations of the Eighth and Fourteenth Amendments and New York law arising out of Peng's death while incarcerated at Onondaga County Justice Center ("OCJC"). (Dkt. No. 18 (Amended Complaint)). On January 26, 2023, Defendants Onondaga County, Tobias J. Shelley, and John S. Drapikowski (collectively, "County Defendants") filed an Amended Answer to the Amended Complaint and asserted crossclaims against Defendants Proactive Health Care Medicine, PLLC ("Proactive") and NaphCare, Inc. ("NaphCare"). (Dkt. No. 38). On February 14, 2023, NaphCare filed a Motion to Dismiss Plaintiffs' Amended Complaint and County Defendants' crossclaims. (Dkt. No. 47). The Court issued a Decision on August 14, 2023, dismissing without prejudice County Defendants' indemnification crossclaim but otherwise denying NaphCare's Motion to Dismiss. *Reynolds v. Cnty. of Onondaga*, No. 22-cv-1165, 2023 WL 5200434, at *8, 2023 U.S. Dist. LEXIS 141102, at *19 (N.D.N.Y. Aug. 14, 2023). County Defendants filed a Second Amended Answer on September 12, 2023, repleading their indemnification crossclaim. (Dkt. No. 91). NaphCare subsequently filed a Motion to Dismiss County Defendants' indemnification crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), which is presently before the Court. (Dkt. No. 98). This Motion is fully briefed, (Dkt. Nos. 98-1, 100, 101), and the Court assumes familiarity with the facts of the case as set forth in the August 14, 2023 Decision, *Reynolds*, 2023 WL 5200434, at *1–2, 2023 U.S. Dist. LEXIS 141102, at *2–6. For the following reasons, NaphCare's Motion to Dismiss is granted.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

### A. Materials Outside the Pleadings

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted)). Even where a document is integral to the complaint, it must be "clear" that "no dispute exists regarding the authenticity or

3

accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner*, 463 F.3d at 134. "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Nicosia*, 834 F.3d at 231 (quoting Fed. R. Civ. P. 12(d)).

Here, the Court must determine whether it may consider an agreement between Onondaga County and Proactive for healthcare services at OCJC (the "January 2020 Contract") originally submitted by NaphCare in connection with its February 14, 2023 Motion to Dismiss. (Dkt. No. 47-2). The Court did not consider the January 2020 Contract in deciding the February 14, 2023 Motion to Dismiss because it was not incorporated by reference in or integral to the Amended Complaint and County Defendants disputed its relevance. *Reynolds*, 2023 WL 5200434, at *8, 2023 U.S. Dist. LEXIS 141102, at *17–19. However, NaphCare argues that the Court may consider the January 2020 Contract in deciding the pending motion because it "is expressly referenced in—and is also central to—[County Defendants' amended] cross claim against NaphCare." (Dkt. No. 98-1, at 11 (citing *Doe v. Syracuse Univ.*, 440 F. Supp. 3d 158, 173–74 (N.D.N.Y. 2020)).

The Court agrees. Although the January 2020 Contract is not attached to the Second Amended Answer, it is incorporated by reference. (*See* Dkt. No. 91, ¶ 46). In fact, the only difference between the original indemnification crossclaim that was dismissed by the Court in its August 14, 2023 Decision and the revised indemnification crossclaim that appears in County Defendants' Second Amended Answer is the insertion of a half-sentence referencing the January 2020 Contract. (*Compare* Dkt. No. 38, ¶ 46 *with* Dkt. No. 91, ¶ 46). The crossclaim "relies

4

heavily upon [the January 2020 Contract's] terms and effect, thereby rendering [it] integral to the complaint." *Nicosia*, 834 F.3d at 230 (quoting *DiFolco*, 622 F.3d at 111). The County Defendants "obviously possessed [the January 2020 Contract] and relied on [it] in drafting" the crossclaim. *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 191 (W.D.N.Y. 2013). And, in light of the reference to the January 2020 Contract in the revised crossclaim, County Defendants can no longer dispute its relevance. (*See* Dkt. No. 100, at 5 (County Defendants state that their "indemnification cross-claim against NaphCare is premised upon both the January 2020 Contract . . . and other facts." (emphasis omitted)). Accordingly, the Court will consider the January 2020 Contract in deciding the pending motion.

### B. Indemnification Crossclaim[1]

Under New York law, the right to indemnification operates to shift liability from one party to another and arises from either an express or implied contract. *McDermott v. City of New York*, 50 N.Y.2d 211, 216 (1980). County Defendants first argue that "[t]o the extent [County Defendants'] indemnification crossclaim is viewed as a contractual claim for indemnification, it arises from the indemnification clause in the January 2020 Contract," which County Defendants "contend NaphCare was a party to by virtue of their self-described 'partnership' with Proactive." (Dkt. No. 100, at 5–6). The Court is not convinced.

County Defendants cite to Section 1.2 of the January 2020 Contract, which states that "Contractor's RFP [(request for proposal numbered 19-7900-002)] dated September 25, 2019, . . . shall become a part of this Agreement," (Dkt. No. 47-2, ¶ 1.2), and to the RFP cover page, which states that "Proactive Health Care Medicine, PLLC, . . . in partnership with

---

[1] In evaluating County Defendants' crossclaim, the Court considers the allegations set forth in the crossclaim and Plaintiff's Amended Complaint. *See Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 419 (E.D.N.Y. 2009) (explaining that, "in determining the adequacy of the [] Defendants' [] cross-claims, the court shall consider the allegations set forth in the cross-claims and the plaintiffs' complaints, which [were] integral to the cross-claims").

5

NaphCare, Inc., . . . is bidding to provide comprehensive healthcare services for Onondaga County's correctional facilities,'" (*id.* at 103). But under New York law, "[t]he right to contractual indemnification depends upon the specific language of the contract" and any "contractual indemnification provision 'must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.'" *Alfaro v. 65 W. 13th Acquisition, LLC*, 74 A.D.3d 1255, 1255–56 (2d Dep't 2010) (quoting *Hooper Assoc. v AGS Computs.*, 74 N.Y.2d 487, 491 (1989)).

The preamble to the January 2020 Contract provides that "[t]he County of Onondaga (County) and Proactive Health Care Medicine, PLLC (Contractor) . . . hereby enter into a contractual agreement." (Dkt. No. 47-2, at 2). And the only signatories to the January 2020 Contract are Onondaga County and Proactive. (*See id.* at 21). Even the RFP, which County Defendants suggest makes NaphCare a party to the January 2020 Contract "by virtue of their self-described 'partnership' with Proactive," (Dkt. No. 100, at 5–6 (citing Dkt. No. 47-2, at 100)), was only signed by Proactive. (*See* Dkt. No. 47-2 at 101). Therefore, the specific language of the January 2020 Contract makes clear that the agreement is between Onondaga County and Proactive—not NaphCare. Indeed, County Defendants appear to acknowledge as much in their Second Amended Answer, which includes the following response to Plaintiff's allegation that "NaphCare . . . contracted with and was delegated by [Proactive] to provide supportive management and administration services to inmates housed in Defendant, [OCJC]'s, facility," (Dkt. No. 18, ¶ 16): County Defendants "admit so much of the paragraph numbered 16 of the complaint that alleges that Onondaga County and [Proactive] entered into a contract for certain services, but deny the remainder of paragraph 16 and all other allegations contained in it," (Dkt. No. 91, ¶ 6).

6

Even if NaphCare was party to the January 2020 Contract, Section 9.2, captioned "Indemnification and Hold Harmless," specifically provides that Proactive is responsible for all damages caused by work performed under the agreement and for indemnifying the county against all claims arising out of damages caused "caused by the errors, omissions, fault or negligence" of Proactive or its employees, subcontractors, or agents. (*Id.* ¶ 9.2).[2] Therefore, under that hypothetical, the January 2020 Contract still does not establish a duty owed by NaphCare to County Defendants.

County Defendants' fallback position is that "even if the Court were to find that there was no explicit contract between [County] Defendants and NaphCare," County Defendants "should be entitled to indemnification because the 'right to indemnification' indemnify [sic] may arise 'from [] an . . . implied contract.'" (Dkt. No. 100, at 6 (quoting *Haraden Motorcar Corporation v. Bonarrigo*, 2021 WL 4906989, at *5, 2021 U.S. Dist. LEXIS 202885, at *12 (N.D.N.Y. October 21, 2021)). Again, the Court is not convinced.

Implied indemnification, which is also described as common-law indemnification, "is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other." *Chacko v. Costco Wholesale Corp.*, 568 F. Supp. 3d 487, 497 (S.D.N.Y. 2021) (quoting *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 375 (2011)). "It is grounded in the 'principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled . . . to pay the

---

[2] Section 9.2 states that "Contractor shall be responsible for all damage to property, injury to persons, and loss, expense, inconvenience, and delay which may be caused by, or result from, the conduct of Work, or from any act, omission, or neglect of Contractor, its subcontractors, agents, or employees" and that "Contractor agrees to indemnify, hold harmless and defend the County, and its officers, elected officials, agents and employees from and against all claims and actions, and all expenses incidental to the investigation and defense thereof, arising out of or based upon damage or injuries to persons or property caused by the errors, omissions, fault or negligence of Contractor or Contractor's employees, subcontractors, or agents." (*Id.*). "Contractor" is defined in the January 2020 Contract as Proactive. (*Id.* at 2).

damages which ought to have been paid by the wrongdoer, they may be recovered from him.'" *Id.* (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997)).

"[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor.'" *Raquet*, 90 N.Y.2d at 183 (quoting *Mas v. Two Bridges Assocs.*, 75 N.Y.2d 680, 690 (1990)). "[A] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 220 (S.D.N.Y. 2015) (quoting *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture*, No. 06-cv-181, 2007 WL 2405689, at *4, 2007 U.S. Dist. LEXIS 62178, at *15 (S.D.N.Y. Aug. 24, 2007), *aff'd sub nom. In re Century/ML Cable Venture*, 311 F. App'x 455 (2d Cir. 2009)). Thus, to succeed on their common law indemnification crossclaim County Defendants must establish that (1) NaphCare breached a duty to Plaintiff; and (2) NaphCare has a duty to indemnify County Defendants.

NaphCare does not challenge County Defendants on the first element—and, indeed, Plaintiff adequately alleges NaphCare's involvement in her wrongful death claim, as the Court has explained. *Reynolds*, 2023 WL 5200434, at *5, 2023 U.S. Dist. LEXIS 141102, *11–12. Rather, NaphCare argues, as it did in its February 14, 2023 Motion to Dismiss, that County Defendants' indemnification crossclaim "fails for lack of any duty owed by NaphCare to [County Defendants]." (Dkt. No. 98-1, at 12). The Court agrees. County Defendants argue that their indemnification crossclaim against NaphCare is "premised upon both the January 2020 Contract . . . *and* other facts." (Dkt. No. 100, at 5 (emphasis in original)). However, the January 2020 Contract does not establish a duty owed by NaphCare to County Defendants, as previously

8

discussed. And County Defendants neglect to explain what "other facts" their indemnification crossclaim is premised upon or what duty these facts establish. Statements such as "[County Defendants] have sufficiently pled their cross-claim" and "[County Defendants] allege a duty owed to [County Defendants] by NaphCare" are conclusory and therefore disregarded by the Court. *Iqbal*, 556 U.S. at 678 (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). As a result, County Defendants fail to adequately allege a duty owed to them by NaphCare.

In spite of this, County Defendants, citing *HSBC Bank U.S.A., N.A. v. Doldo & Neddo, P.C.*, suggest that "it would be premature to dismiss their indemnification crossclaim at this point, because discovery is not yet complete, no depositions have been taken, and even in the presence of 'well-reasoned' arguments concerning the third-party plaintiff's own wrongdoing, where an indemnification claim is pled sufficiently, '[d]ismissal of the claim prior to discovery . . . would . . . be premature.'" (Dkt. No. 100, at 6 (quoting 2013 WL 12284641, at *4 (N.D.N.Y. 2013)). But in this case, unlike in *HSBC*, the indemnification crossclaim has not been pled sufficiently, meaning this argument, like County Defendants' others, is unavailing.

Consequently, County Defendants' pleading deficiency is fatal to their indemnification crossclaim. *See Greenberg v. Blake*, 985 N.Y.S.2d 279, 281 (App. Div. 2014) (affirming the dismissal of a common law indemnification claim where "the third-party complaint [did] not allege the existence of any duty owed by the third-party defendants to the third-party plaintiff" (citations omitted)). Thus, NaphCare's motion to dismiss County Defendants' indemnification crossclaim must be granted.

**IV.    CONCLUSION**

For these reasons, it is hereby

9

**ORDERED** that NaphCare's Motion to Dismiss County Defendants' indemnification crossclaim, (Dkt. No. 98), is **GRANTED**; and it is further

**ORDERED** that County Defendants' indemnification crossclaim against NaphCare is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: July 12, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge